

Signed and Filed: March 30, 2010

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 09-31932 TEC |
| ARDEN VAN UPP, | ) Chapter 11 |
| Debtor. | ) |

**MEMORANDUM RE FEE APPLICATION OF MITCHELL HADLER**

The court held a hearing on March 29, 2010 regarding the skeletal fee application filed on March 15, 2010 by Debtor's former counsel, Mitchell R. Hadler. Iain A. Macdonald appeared for Debtor. Mr. Hadler did not appear.

Upon due consideration, and for the reasons stated below, the court hereby denies the fee application, but does not determine at this time whether any retainer already paid to Mr. Hadler should be refunded. This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On July 10, 2009, Debtor filed the above-captioned chapter 11 bankruptcy case. On August 1, 2009, Debtor filed an application to employ Mr. Hadler as counsel for Debtor (the Application to Employ). On October 2, 2009, the court signed an order granting the Application to Employ.

On March 1, 2010, the court signed an order setting: an administrative claims bar date of March 15, 2010 (the Bar Date Order); a deadline for Debtor to file objections to the administrative claims of March 22, 2010; and a hearing on the fee applications of March 29, 2010 at 9:30 a.m. Mr. Hadler was served with a copy of the Bar Date Order on March 1, 2010.

On March 15, 2010, Mr. Hadler filed a fee application (the Fee Application), seeking $35,000 in fees and expenses for services provided to Debtor from the petition date through September 22, 2009. The filed Fee Application is not supported by any additional documents such as time records, but states that supporting documents will be filed.

On March 22, 2010, Debtor filed an objection to the Fee Application, arguing that the Fee Application should be denied in its entirety because Debtor lacks sufficient time to properly review the Fee Application and to frame objections thereto.

On March 29, 2010, Mr. Hadler filed a request for an unspecified amount of additional time to supplement the Fee Application. Mr. Hadler neither appeared at the hearing held on the Fee Application, nor contacted the court to explain why he was unavailable to appear.

**DISCUSSION**

The court may award reasonable compensation for actual, necessary services rendered by an attorney employed as counsel for Debtor. 11 U.S.C. § 330(a)(1)(A). In determining the amount of reasonable compensation to be awarded to counsel for a debtor, the court must consider the nature, extent, and value of such services, taking into account all relevant factors, including the time spent on such services and the rate charged. 11 U.S.C. § 330(a)(3).

-2-
Case: 09-31932   Doc# 344   Filed: 03/30/10   Entered: 04/01/10 10:48:33   Page 2 of 3

The court is unable to determine reasonable compensation to be awarded to Mr. Hadler, because the Fee Application lacks any detail or supporting documentation.  In the four weeks since receiving notice of the Bar Date, Mr. Hadler has neither filed supporting documentation, nor stated a reason why he needs additional time to do so.  In addition, Mr. Hadler failed to appear at the hearing on the Fee Application, and failed to provide any explanation why he was unavailable to appear.

Because Mr. Hadler has not provided the court with any documentation in support of his Fee Application, because Mr. Hadler has not been diligent in prosecuting his Fee Application, and because it is clear that Mr. Hadler did some post-petition work for Debtor, the court determines that Mr. Hadler should not be allowed any fees, but does not determine at this time whether any prepetition retainer paid to him should be refunded.

**\*\*END OF MEMORANDUM\*\***