**Entered on Docket**
July 20, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: July 19, 2010**

_____
 **THOMAS E. CARLSON**
 **U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-31932 TEC |
| ARDEN VAN UPP, aka DEE RICH, aka DEE ELMALIK, | Chapter 11 |
| Debtor. | |

**MEMORANDUM RE DEBTOR'S MOTION TO DISMISS TRUSTEE**

On June 17, 2010, Debtor filed and served a motion to terminate the appointment of the chapter 11 trustee pursuant to 11 U.S.C. § 1105, and scheduled the hearing on that motion for July 14, 2010 at 9:30 a.m. In so doing, Debtor did not select a date available for such matters under the court's open-calendaring system; nor did Debtor obtain the permission of the court to set the matter on that date. On June 30, 2010, Trustee filed written opposition to the motion. Approximately two weeks before the scheduled hearing, the Courtroom Deputy advised Debtor's counsel to re-notice the matter for a date designated under the court's open-calendaring system for law and motion matters. Debtor's counsel

MEMORANDUM RE DEBTOR'S
MOTION TO DISMISS TRUSTEE -1-

did not do so; nor did Debtor's counsel advise Trustee that the matter would not go forth on July 14th. The result of all this was that Debtor did not appear on July 14th, but Trustee's counsel, having not been advised that the matter would not go forward on that date, did appear. After reviewing the moving papers and the opposition papers, the court determined that oral argument would not be helpful, declined to hear any argument from Trustee's counsel, and ordered the matter submitted on the papers.

MERITS OF THE MOTION

The court previously ordered the appointment of a chapter 11 trustee on the basis of Debtor's gross mismanagement of her financial affairs. The most important instances of mismanagement consisted of: (1) allowing the Webster Street property to fall into an extreme state of disrepair; and (2) discharging her attorney when he filed a motion to effect the sale of the Webster Street property, where Debtor did not have sufficient income to service the debt on that property, where the court had advised Debtor that relief from stay would be granted if Debtor did not attempt to sell that property promptly, and where the Debtor had equity in that property that would be lost if relief from stay was granted and the Webster Street property was lost in foreclosure.

Debtor now moves to terminate the appointment of Trustee, asserting that: (1) all creditors have been paid; (2) Debtor is competent to manage her own affairs; and (3) she has filed suit against Trustee in district court.

Section 1105 of the Bankruptcy Code leaves it to the discretion of the bankruptcy court whether to terminate the

appointment of a chapter 11 trustee and restore the debtor to possession and management of the bankruptcy estate. For the following reasons, I determine that the Trustee's appointment should not be terminated in this case at this time.

First, not all creditors have been paid. Debtor has filed appeals that Trustee must defend. Debtor has filed a lawsuit that Trustee must defend. Trustee may be entitled to be reimbursed by the estate for fees and costs incurred in those disputes. This court is not confidant that Debtor can be trusted to preserve and manage the funds of the estate pending the outcome of those disputes. Based on Debtor's conduct in this case, this court is not confident that Debtor would obey orders that this court might enter directing her to use such funds to pay fees of Trustee and his professionals.

Second, Debtor has not established any changed circumstances. Debtor's motion does not establish that Debtor is any more likely to manage the bankruptcy estate properly at this date than on the date the court ordered the appointment of a chapter 11 trustee.

**\*\*END OF MEMORANDUM\*\***